UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LONG,

    Petitioner,

v.                                              CASE NO. 2:09-CV-12124
                                                HONORABLE AVERN COHN

TIMOTHY BALL,

    Respondent.
_____/

**MEMORANDUM AND ORDER
DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS
AND
DENYING A CERTIFICATE OF APPEALABILITY**

I.  Introduction

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Robert Long ("Petitioner"), pleaded guilty to the felony offenses of operating a vehicle while intoxicated or impaired, third offense, MICH. COMP. LAWS § 257.625(1), and fleeing and eluding a police officer, MICH. COMP. LAWS § 750.479a(3), and the misdemeanor offense of operating a vehicle with a suspended license, MICH. COMP. LAWS § 257.904(3)(a), in the Oakland County Circuit Court, in exchange for an agreement that his minimum sentence would be capped at 24 months. He was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms of 2 to 20 years in prison on the felony convictions and 151 days in jail (time served) on the misdemeanor conviction in 2007.

Petitioner raises claims concerning the constitutionality of Michigan's Heidi's law, the trial court's jurisdiction to sentence him as a third drunk driving offender, a violation of Michigan's 14-day rule for preliminary examination, and the effectiveness of trial counsel.

For the reasons that follow, the petition will be denied. The Court will also denies a certificate of appealability.

## II.  Background

Petitioner's convictions arise from a drunk driving incident which occurred in Waterford, Michigan on July 13, 2007. At the plea hearing on November 26, 2007, Petitioner admitted that he was driving under the influence of alcoholic liquor on Waterfront Drive near Barnhart Road. When a uniformed Oakland County Sheriff's Deputy driving a police motorcycle attempted to pull him over, Petitioner refused to stop and drove through a residential neighborhood. Following his arrest, Petitioner had a blood alcohol content of .14 at the hospital. Petitioner knew that his driver's license was suspended at the time of the incident.

As to his prior offenses, Petitioner admitted that he had been convicted of operating while impaired by liquor in January, 2007, operating under the influence of liquor in March, 1996, and operating while intoxicated or impaired, third offense, in May, 1995. Petitioner could not remember whether he was convicted of operating while intoxicated or impaired, third offense, in November, 1992. Petitioner also admitted that he had been convicted of unlawful driving away of a motor vehicle in May, 1987.

Petitioner testified that he was 44 years old, that he could read and write, and that he was able to understand the proceedings. He confirmed that he had consulted with counsel and was satisfied with his advice. He said that he understood the plea agreement and its consequences and that he was aware of the rights he was giving up by pleading guilty. He indicated that he was pleading guilty of his own free will and denied being threatened or coerced into tendering his plea. The trial court accepted the plea.

On December 11, 2007, the trial court sentenced Petitioner, in accordance with his plea agreement, to the aforementioned terms of imprisonment.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims presented on habeas review. The court denied the application for lack of merit in the grounds presented. *People v. Long*, No. 285015 (Mich. Ct. App. May 27, 2008) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Long*, 482 Mich. 1118, 758 N.W.2d 273 (2008).

Petitioner thereafter filed the present habeas petition raising the following claims:

I. Heidi's Law (MCL 257.625) is unconstitutional as applied by using time-barred priors in old statute. It violates due process of law and the Ex Post Facto Clause of the United States and Michigan Constitutions.

II. The circuit court had no jurisdiction to sentence him as a third offender because he only had one prior within the 10-year window.

III. The district court violated the 14-day rule for preliminary examination.

IV. Ineffective assistance of counsel where initial counsel withdrew and substitute counsel failed to object to the 14-day rule violation.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

### III. Analysis

#### A. Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law,

3

>  as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'

4

on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, _ U.S. _, 129 S. Ct. 1411, 1419 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme

5

Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

### B. Heidi's Law and Jurisdictional Claims

Petitioner first asserts that he is entitled to habeas relief because Heidi's Law, M.C.L. § 257.625, is unconstitutional under the state and federal constitutions. He claims an ex post facto and due process violation. Petitioner relatedly asserts that the state court lacked jurisdiction to sentence him as a third drunk driving offender due to the claimed constitutional infirmity.

Prior to January 3, 2007, M.C.L. § 257.625(9)(c) provided that a person who committed a drunk driving related offense was guilty of felony drunk driving if he had been convicted of two or more drunk driving related offenses within the previous 10 years. Heidi's Law, 2006 Mich. Pub. Acts 564, effective January 3, 2007, amended the statute to remove the 10-year time limitation. The amended statute also changed the offense from a misdemeanor punishable by up to 93 days in jail to a felony, punishable

6

by imprisonment of not less than one year or more than five years.

As an initial matter, Petitioner is not entitled to habeas relief on any claim that Heidi's law is unconstitutional under the Michigan Constitution. It is well-established that federal habeas relief is unavailable for perceived violations of state law. See 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). Moreover, the Michigan courts have rejected similar constitutional challenges to the amended statute and have ruled that Heidi's Law does not violate the Michigan Constitution. See *People v. Perkins*, 280 Mich. App. 244, 251-52, 760 N.W.2d 669 (2008); *see also People v. Kerr*, No. 285234, 2009 WL 1506666, *1-2 (Mich. Ct. App. May 26, 2009) (unpublished, citing cases); *People v. Mix*, No. 282948, 2009 WL 1362344, *3 (Mich. Ct. App. May 14, 2009) (unpublished, citing *Perkins*). State courts are the final arbiters of state law and federal courts will not intervene in such matters. See *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).

Similarly, the determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Chandler v. Curtis*, 2005 WL 1640083, *2 (E.D. Mich. July 13, 2005); *Groke v. Trombley*, 2003 WL 1708109, *5 (E.D. Mich. April 1, 2003); *accord Write v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996). A state court's determination of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. See *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001). Petitioner is thus not entitled to habeas relief on any such state law claims.

Petitioner has also not shown that Heidi's Law violates the United States Constitution. The Ex Post Facto Clause prohibits statutes which make a previously innocent act criminal, increase the punishment for a crime after its commission, or deprive a defendant of a defense that was available at the time that the crime was committed. *See Collins v. Youngblood*, 497 U.S. 37, 42 (1990). Additionally, the Supreme Court has stated that people have a fundamental right to fair warning of conduct which will give rise to criminal penalties and "that right is protected . . . by the Due Process Clause of the Fifth Amendment." *Marks v. United States*, 430 U.S. 188, 191-92 (1977). Heidi's Law became effective on January 3, 2007. Petitioner's current offenses occurred on July 13, 2007. Heidi's Law did not make a previously innocent act criminal, did not increase the punishment for Petitioner's crime after its commission, nor deprive Petitioner of a defense that was available when the crime was committed. The statute also provided Petitioner with sufficient notice of the crime and its consequences. No ex post facto or due process violation occurred. Habeas relief is not warranted.

      C.      14-Day Rule and Ineffective Assistance of Counsel Claims

Petitioner next asserts that he is entitled to habeas relief because the state trial court violated Michigan's 14-day rule for preliminary examinations. He also asserts that his defense attorneys were ineffective for allowing and/or failing to object to the alleged procedural violation.

Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea, however, are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Supreme Court has explained:

    [A] guilty plea represents a break in the chain of events which has

> preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before his plea. In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569. A violation of Michigan's 14-day rule for preliminary examinations is not a jurisdictional defect, *see People v. Smith*, 200 Mich. App. 237, 504 N.W.2d 21 (1993); *see also Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (speedy trial violation waived by plea), nor is any related ineffective assistance of counsel claim. *See United States v. Stiger*, 20 F. App'x 307, 309 (6th Cir. 2001). Petitioner pleaded guilty to the offenses at issue. Absent a showing that his plea was not knowing, intelligent, or voluntary, his claims concerning the 14-day rule for preliminary examination and defense counsel's conduct during the pre-plea period are foreclosed by his plea. *See, e.g., Nelson v. Berghuis*, No. 1:08-CV-1147, 2008 WL 5383049, *2 (W.D. Mich. Dec. 18, 2008) (summarily dismissing similar claims pursuant to *Tollett*).

Moreover, even if these claims were not foreclosed, they would not warrant habeas relief. Any violation of the 14-day rule concerns a matter of state law. As noted above, habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Additionally, Petitioner cannot establish that his defense attorneys were ineffective. The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he was denied his Sixth

9

Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Second, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The inquiry should also be made "objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has recently confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 788. Additionally, the Supreme Court has emphasized the

10

extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, 562 U.S. _, 131 S. Ct. 733, 741 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *see also Bray v. Andrews*, _ F.3d _, 2011 WL 1544740, *5 (6th Cir. 2011) (citing *Premo*).

Petitioner essentially asserts that his defense attorneys were ineffective for allowing and/or failing to object to the alleged 14-day rule violation. Even assuming that counsel erred, however, Petitioner cannot establish that he was prejudiced. The remedy for a 14-day rule violation is a dismissal without prejudice which allows the prosecutor to reinstate the case. *See People v. Grabiec*, No. 266805, 2007 WL 2119005, *1 (Mich. Ct. App. July 24, 2007) (citing *People v. Weston*, 413 Mich. 371, 376, 319 N.W.2d 537 (1982)). Given that any dismissal based upon a 14-day rule violation would have been without prejudice to the charges being re-filed, Petitioner cannot show that he was prejudiced by his defense attorneys' conduct in this regard. *See Williams v. Romanowski*, No. 2:06-CV-12670, 2008 WL 6875005, *25 (E.D. Mich. Jan. 29, 2008) (magistrate judge's report); *People v. Tidwell*, No. 190005, 1997 WL 33350638, *2 (Mich. Ct. App. May 6, 1997) (unpublished). Petitioner has also not shown that he would have foregone his plea and insisted on going to trial. The evidence against him was overwhelming and he had no apparent defense to the charges. Consequently, Petitioner cannot prevail on these claims. Habeas relief is not warranted.

## IV. Conclusion

For the reasons stated above, Petitioner is not entitled to habeas relief on any of the claims contained in his petition. Accordingly, the petition is DENIED.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).[1] A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37.

Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, a certificate of appealability is DENIED.

SO ORDERED.

Dated: July 26, 2011                          S/Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Robert Long, 270764, Camp Lehman, 5135 Hartwick Pines Road, Grayling, MI 49738 and the attorneys of record on this date, July 26, 2011, by electronic and/or ordinary mail.

                                              S/Julie Owens
                                              Case Manager, (313) 234-5160

---

[1] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.